UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MITCHELL E. PETERS | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-226 |
| | ) | |
| METROPOLITAN LIFE | ) | |
| INSURANCE COMPANY | ) | |

**MEMORANDUM OPINION**

This is an action for long-term disability benefits under the Employee Retirement Income Security Act of 1974 [ERISA], 29 U.S.C. § 1001 *et seq.*, brought by Mitchell E. Peters, a former employee of Eastman Chemical Company [Eastman], against Metropolitan Life Insurance Company [MetLife], claims administrator of the benefits plan. The action is now before this court on cross-motions for a judgment on the basis of the Administrative Record [AR].

The court notes at the outset that both parties agree that the policy language gives discretionary authority to the Long-Term Disability Plan [Plan] administrator, which is MetLife, to determine eligibility for benefits and to interpret the terms and provisions of the policy. [Plan 41]. Accordingly, the facts of this case will be reviewed on an abuse of discretion standard. In order to prevail under this standard, Mr. Peters must prove not only that the company's benefit determination was incorrect

but that its decision was arbitrary and capricious.[1]

Pursuant to the regulations of Eastman's Plan, disability can be shown, *inter alia* when "You are totally and continually unable to engage in gainful work as a result of your condition. This is not limited to employment at Eastman, but includes the general workforce." [Plan 78].

Mr. Peters last worked for Eastman on March 18, 2004. [AR 123]. On August 6, 2004, he submitted a claim for long term disability, citing complaints of dizziness, sleep apnea, diabetes, memory loss, obesity, a hearing impairment, gastritis, high cholesterol, hypertension, a chronic cough, difficulty breathing, and arthritis. [AR 124-25]. On November 11, 2004, MetLife denied Mr. Peters' claim, citing the fact that following knee surgery he was released to return to work. [AR 53-54]. Many of Mr. Peters' complaints were unsubstantiated or the medical evidence indicated they were well-controlled. [Tr. 53]. In sum, MetLife concluded, "There is insufficient medical [evidence] provided to support a severity of impairment precluding [Mr. Peters] from returning to work to any occupation." [*Id*.].

Mr. Peters filed an appeal of MetLife's decision, and, in response, MetLife

---

[1] Peters claims MetLife has an inherent conflict of interest that this court must take into account, notably that it is both the interpreter of the plan and the issuer of the policy. The record, however, does not support those claims. [AR 1, 4].

referred the case for an independent medical review. [AR 22-26, 43]. On July 14, 2005, MetLife upheld its original denial of benefits, citing the findings of the independent medical reviewer. [AR 27-30].

For the following reasons, this court agrees with the decision of the plan administrator that Mr. Peters did not have a "severe impairment that would prevent [him] from performing gainful employment." [AR 29]. MetLife's upholding of its denial of benefits to Mr. Peters was based primarily on the report of Dr. Karen McArthur, an independent medical reviewer. According to Dr. McArthur's review of Mr. Peters' medical records, his diabetes appeared "to be well controlled" by medication and there was a lack of ongoing concern with the condition. [AR 22]. Lab results revealed that Mr. Peters' high cholesterol was well controlled. [AR 23]. His obstructive sleep apnea was resolved by surgery. [*Id.*]. Mr. Peters' blood pressure was fine and he did not appear to have an underlying cardiac disease. [AR 24]. Mr. Peters' main doctor did not indicate any findings regarding his knee or additional evidence of joint arthritis. [*Id.*]. Dr. McArthur then found Mr. Peters could sit/stand/walk for six to eight hours per day, lift 20 pounds frequently, and lift up to 40 pounds occasionally. [AR 25-26]. His ability to climb, crouch, and kneel would be impaired, although his ability to handle, reach, push, pull, see, hear, and speak would not be impaired. [*Id.*].

According to Mr. Peters, the problem with Dr. McArthur's report is that she "does not provide for any rationale for how she arrived at her conclusions." Mr. Peters' complaint is erroneous. The three pages of text prefacing the doctor's opinion on his functional limitations contain the medical evidence that led to her opinion. [AR 22-24]. Dr. McArthur noted that Mr. Peters was obese, his diabetes was under control, findings of arthritis were scarce, his obstructive sleep apnea was cured, his blood pressure was normal, and he did not appear to have an underlying cardiac disease. [*Id*.]. Based on this medical evidence, Dr. McArthur formed her opinion.

Mr. Peters has not presented this court with sufficient evidence to suggest that MetLife's decision was incorrect, arbitrary, and capricious.

After careful consideration of the entire record of proceedings related to this case, this court finds that the plan administrator's decision that Mr. Peters was not disabled was neither incorrect nor arbitrary and capricious. Accordingly, Mr. Peters' motion for judgment on the record will be denied, the defendant's motion for judgment on the record will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

          s/Thomas Gray Hull
          THOMAS GRAY HULL
            SENIOR U. S. DISTRICT JUDGE